Argued and submitted June 10, affirmed August 3, reconsideration denied October 14, petition for review denied November 16, 1988 (307 Or 145)

In the Matter of the Compensation of
Leonard Sutton, Claimant.

EBI COMPANIES et al,
*Petitioners,*

*v.*

KEMPER GROUP/AMERICAN MOTORISTS
INSURANCE COMPANY et al,
*Respondents.*

(WCB No. 87-17366; CA A46468)

758 P2d 406

Randy G. Rice, Portland, argued the cause and filed the brief for petitioners.

Noreen K. Saltveit, Portland, argued the cause and filed the brief for respondent Kemper Insurance/American Motorists Insurance Company, and WNI Systems.

No appearance for respondent Leonard Sutton.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

EBI Companies seeks review of a Board order which affirmed the referee's decision dismissing the case on the ground that the referee lacked jurisdiction to order Kemper Insurance to comply with two previous referees' orders directing Kemper to reimburse EBI for its claim costs under ORS 656.307. We affirm.

On May 8, 1985, an order was issued designating EBI as the paying agent pursuant to ORS 656.307. Following a hearing, Kemper was found to be the responsible insurer. On November 7, 1985, the first referee issued an order, providing, in part:

> "(5)  Kemper shall reimburse EBI Companies for EBI's claim costs, if EBI has paid any, but shall not reimburse EBI Companies for the penalty and associated attorney fee awarded against EBI."

On January 24, 1986, counsel for Kemper filed a response to a motion for an order to show cause and an affidavit of Kemper's attorney stating:

> "Kemper Insurance has advised EBI-ORION that it will reimburse EBI-ORION for all amounts of time loss paid pursuant to such order designating paying agent."

On March 6, 1986, the second referee entered an order providing, in part:

> "(3)  Pursuant to the '307' Order, Kemper shall reimburse EBI for its claim costs."

Kemper did not appeal or otherwise contest either of the referees' orders. It did not fully reimburse EBI, contending that EBI mismanaged claimant's claims and afforded claimant time loss to which he otherwise would not have been entitled. EBI requested a hearing, seeking full reimbursement. On February 5, 1987, the second referee issued an order, stating that the Hearings Division was without jurisdiction because:

> "(1)  This case is separate from the prior dispute between these parties that was resolved by a final order. That final order cut off the Director's delegation of subject matter jurisdiction.
>
> "(2)  The present issue is not a dispute concerning a claim over which the Hearings Division has jurisdiction.

"(3) The present dispute is one specifically within the jurisdiction of the Director and the parties need to go to the Director first to seek relief. The parties cannot come first to the Hearing Division which lacks jurisdiction."

The referee concluded that the Director of the Compliance Division had jurisdiction, pursuant to ORS 656.704(3). EBI petitioned for review.[1]

ORS 656.704(3) provides, in relevant part:

"For the purpose of determining the respective authority of the director and the board to conduct hearings * * *, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue."

A referee has jurisdiction only over matters concerning a claim. ORS 656.283; ORS 656.708. The worker in this case has already received his compensation and is no longer a party to the dispute. The only issue remaining is whether the responsible party in a .307 dispute must reimburse the designated paying agent. That question does not involve the worker's right to receive compensation or the amount thereof. The Board did not err in affirming the referee's ruling that he was without jurisdiction to order Kemper to reimburse EBI.

Affirmed.

---

[1] EBI also filed a request with the director to have the previous orders enforced. The director denied the request, holding that EBI had mismanaged the case. EBI requested a hearing. That matter is still before a referee. Kemper argues that this case is not properly before us, because EBI does not have a final order from which to petition for review. We disagree. EBI obtained a final order from the Board on appeal from the referee. The appeal of the director's decision which is now before the Board is a separate matter. EBI filed its petition in this court before filing with the director and filed with the director only to preserve its position if we were to affirm the Board on review.