Argued and submitted January 13, 1988, reversed and remanded on petition; affirmed on cross-petition January 11, 1989

In the Matter of the Compensation of
Giordano Zorich, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Petitioners - Cross-respondents,*

*v.*

ZORICH,
*Respondent - Cross-petitioner,*
*and*

ADVANCE INTERIORS et al,
*Respondents - Cross-respondents.*

(WCB 85-00696 & 85-01291; CA A42775)

766 P2d 1053

Christine Chute, Assistant Attorney General, Salem, argued the cause for petitioners - cross-respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert Wollheim, Portland, argued the cause for

respondent - cross-petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Larry D. Schucht, Portland, argued the cause and filed the brief for respondents - cross-respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant suffered a compensable back injury in 1978 while employed by Advance Interiors, whose insurer is Safeco, and received an award of 25 percent permanent partial disability (PPD). He suffered another compensable back injury in 1982 while employed by Western Partitions, whose insurer is SAIF. Each employer and its insurer disputed responsibility for the 1982 injury. Although no order was issued under ORS 656.307, Safeco paid temporary total disability to claimant for the 1982 injury until October 1, 1983.

In 1984, the Board ruled that the 1982 injury was a "new injury," that claimant was entitled to five percent PPD for that injury and that Western Partitions and SAIF were responsible. SAIF paid that PPD to claimant. SAIF was obliged to reimburse Safeco for the temporary total disability that it had paid claimant. It is not disputed that, instead of mailing the reimbursement check for $13,729.98 to Safeco, SAIF mistakenly mailed a check to claimant in that amount and drawn to his order. Claimant deposited the check in his account. SAIF demanded the return of the check. Claimant refused and stated that he had already spent the proceeds. He then requested a hearing on the extent of PPD and asked for an increase. In response, SAIF requested an order that claimant reimburse SAIF for the $13,729.98 payment that it had mistakenly made. Alternatively, SAIF asked that the referee order that the $13,729.98 payment be offset against benefits.

The referee increased claimant's PPD award from 25 percent to 40 percent for the 1978 injury, for which Advance Interiors is responsible. He did *not* increase the PPD award of five percent for the 1982 injury. He dismissed SAIF's requests, ruling that he had no jurisdiction to consider it, because neither the claim for reimbursement nor the offset was a "matter concerning a claim" within the meaning of *former* ORS 656.708(3).[1] He stated that it was "[SAIF's] mistake in send-

---

[1] *Former* ORS 656.708(3) provided:

"The Hearings Division is continued within the board. The division has the responsibility for providing an impartial forum for deciding all cases, disputes and controversies arising under ORS 654.001 to 654.295, all cases, disputes and controversies regarding matters concerning a claim under ORS 656.001 to 656.794 and for conducting such other hearings and proceedings as may be prescribed by law."

ing a check to an unentitled person. It was meant to be a payment from [SAIF] to [Safeco] for reimbursement of claim processing costs and had nothing to do with the right of claimant to receive compensation, or the amount thereof." Without comment, the Board affirmed. SAIF and Western Partitions petition for review, assigning as error that the Board in effect held that it had no jurisdiction to consider SAIF's claim for repayment or to order an offset. Claimant cross-petitions for review of the Board's ruling on extent of disability. On the petition, we reverse and remand; on the cross-petition, we affirm.

SAIF argues that the Board has jurisdiction of the requests, asserting that they are "matters concerning a claim." *See former* ORS 656.704(3). Claimant and SAIF apparently agree that SAIF's payment to claimant of $13,729.98 was an overpayment of compensation.[2] Claimant also agrees that the Board has jurisdiction of SAIF's request for an offset but argues that *former* ORS 656.268(4)[3] is the exclusive remedy under the Workers' Compensation Law. Moreover, he asserts that no offset is available now, because SAIF had already paid PPD for the 1982 injury, and the Board did not hold SAIF's insured responsible for more PPD or other compensation against which the overpayment could be offset.

We hold that the referee and the Board had jurisdiction to consider SAIF's requests. The controversies here are "matters concerning a claim" within the meaning of *former* ORS 656.708(3), because they are "matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). On remand, the Board

---

[2] ORS 656.005(8) defines "compensation" as "all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer * * *."

[3] *Former* ORS 656.268(4) provided, in part:

"Any determination under this subsection may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability awards and payment of temporary disability payments which were payable but not paid."

should consider what remedies it has authority to and should provide.[4]

In his cross-petition, claimant assigns as errors that the Board held that his loss of earning capacity from his 1978 injury did not exceed 40 percent and from his 1982 injury did not exceed five percent. On *de novo* review,[5] we agree with the Board.

Reversed and remanded on petition; affirmed on cross-petition.

---

[4] In *EBI Companies v. Kemper Group Insurance,* 92 Or App 319, 758 P2d 406, *rev den* 307 Or 145 (1988), Kemper was held responsible and ordered to reimburse EBI for its claim costs. EBI had been designated as paying agent under ORS 656.307. Kemper did not fully reimburse EBI, claiming that EBI had overpaid time loss to the claimant. EBI requested a hearing before the referee and asked for full reimbursement. The referee held that he lacked jurisdiction. The Board affirmed, and we affirmed the Board. We emphasized that the claimant had already received his compensation and was not a party to the dispute. We stated that the only issue was whether the responsible party in a dispute under ORS 656.307 must reimburse the designated paying agent. That question did not involve the worker's right to receive compensation or the amount thereof. *See also Howard v. Liberty Northwest Ins.,* 94 Or App 283, 765 P2d 223 (1988); *Schlecht v. SAIF,* 60 Or App 449, 653 P2d 1284 (1982).

[5] Petitioners filed the petition for judicial review on March 2, 1987. Claimant filed his cross-petition on March 9, 1987. *See Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).