In the Matter of the Compensation of
Harlene A. Lloyd, Claimant.

LLOYD,
*Petitioner,*

*v.*

EMPLOYEE BENEFITS INSURANCE COMPANY et al,
*Respondents.*

(WCB 86-05744; CA A48990)

773 P2d 798

Darris K. Rowell, Salem, argued the cause for petitioner. On the brief were Kenneth P. Russell and Olson Law Firm, Salem.

Craig A. Staples, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Claimant seeks review of an order on reconsideration of the Workers' Compensation Board, arguing that the Board erred in not awarding certain penalties and attorney fees. We review for substantial evidence and errors of law and affirm.

The facts found by the Board are supported by substantial evidence in the record. Claimant injured her left knee in 1979. That injury resulted in surgery but was not work related. In May, 1984, claimant compensably injured her right knee. In July, 1984, she had surgery on that knee, after which she was released to do light duty work. In January, 1985, additional surgery was performed on her left knee. Employee Benefits Insurance Company (EBI) denied compensability of the left knee condition. Claimant's private health insurance carrier, Bankers Life, paid the medical bills for that surgery while claimant pursued a determination of whether it was compensable. A referee eventually set aside EBI's denial and directed EBI to accept the left knee condition.[1] Neither party sought Board review of that decision.

Thereafter, a determination order awarded claimant temporary disability benefits, 15 percent scheduled permanent partial disability for loss of use of her right knee, and 20 percent scheduled permanent partial disability for loss of use of her left knee. Claimant requested a hearing. The parties entered into this stipulation:

> "On June 26, 1986, [EBI] received an itemization from [Bankers Life] for reimbursement of [Bankers Life's] costs. [EBI] did not provide reimbursement [to Bankers Life] until November 5, 1986."

The referee refused to assess a penalty against EBI (and in favor of claimant) for EBI's delay in reimbursing Bankers Life. Claimant asked for Board review. The Board concluded that it lacked jurisdiction to consider penalties for EBI's late reimbursement of Bankers Life, and that is the first issue presented on review.

■ The referee and the Board have jurisdiction over

---

[1] Claimant reinjured her left knee while trying to protect her compensably injured right knee. That apparently was the basis for the referee's conclusion that the left knee condition was compensable.

"matters concerning a claim under ORS 656.001 to 656.794." ORS 656.708;[2] *see also* ORS 656.283; ORS 656.289(3); ORS 656.295; *SAIF v. Zorich,* 94 Or App 661, 664, 766 P2d 1053 (1989). ORS 656.704(3) provides:

> "For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct and review thereof, matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue."

ORS 656.005(8), in turn, defines "compensation:"

> " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self insured employer pursuant to this chapter."

Claimant emphasizes the words "including medical services" and contends that "compensation" includes the payments from EBI to Bankers Life, because they were payments for medical services. Therefore, she says, those payments concerned a claim. That construction ignores the limiting phrase, "to a subject worker." The payments by EBI to Bankers Life were not made to claimant and thus were not "compensation" within the meaning of ORS 656.005(8).[3] For that reason, the delayed payments to Bankers Life are not "matters concerning a claim" and do not fall within the referee's and the Board's jurisdiction.

Claimant argues that our holding is contrary to "the legislative intent to penalize insurance companies for late payments of bills to medical providers." She relies in particular on ORS 656.313(3) and ORS 656.262(10) and their legislative history to assert that "no logical distinction can be made between payment to a medical provider for services rendered [to an injured worker] and reimbursement of a private health carrier who paid for such services [while the compensability issue was pending]." Whether or not the distinction is "logical," it is one that the legislature has plainly drawn. Moreover, ORS 656.313(3) governs the right to reimbursement of

---

[2] Claimant does not assert that the penalty issue falls within the other categories of cases described in ORS 656.708.

[3] Bankers Life was not claimant's "beneficiary." *See* ORS 656.005(2).

insurers. For purposes of that statute, "compensation" "does not include the payment of medical services." ORS 656.313(4). ORS 656.262(10) depends on the definition of "compensation" in ORS 656.005(8), which we discussed above. Neither the statutes nor their purposes persuade us that the Board has jurisdiction over what is, after all, a matter between EBI and Bankers Life that does not affect claimant. *See EBI Companies v. Kemper Group Insurance,* 92 Or App 319, 322, 758 P2d 406, *rev den* 307 Or 145 (1988).

■      In her second assignment of error, claimant argues that the Board erred in not awarding attorney fees for services before the Board. She relies on ORS 656.382(1), which authorizes attorney fees only when an employer refuses to pay "compensation" due or otherwise unreasonably resists the payment of "compensation." In the light of our holding that the payments are not compensation, claimant cannot recover attorney fees.[4]

Affirmed.

---

[4] The referee had also assessed penalties against EBI for late payments to claimant. The Board modified the referee's order to increase those penalties, in addition to holding that it had no jurisdiction over the penalty issue that we discuss. Claimant cannot recover fees for prevailing as to the penalty. ORS 656.382(2); *Saxton v. SAIF,* 80 Or App 631, 723 P2d 355, *rev den* 302 Or 159 (1986).