242

Argued and submitted March 18, reversed and remanded with instructions
May 27, 1992

In the Matter of the Compensation of
Paul Holmstrom, Claimant.

SAIF CORPORATION,
*Petitioner,*

*v.*

Paul HOLMSTROM,
*Respondent.*

(WCB 87-0155M; CA A68422)

831 P2d 82

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

SAIF seeks review of a Workers' Compensation Board order denying authorization for reimbursement from the Reopened Claims Reserve (Reserve). ORS 656.625.[1] We reverse.

In March, 1987, after claimant's aggravation rights had expired, the Board entered an order pursuant to ORS 656.278, requiring SAIF to reopen his claim and to begin paying time loss benefits. SAIF complied with that order until August 13, 1990, when it closed the claim. Because claimant was not medically stationary at that time, he asked the Board to order SAIF to reopen the claim. The Board granted claimant's request, ordering SAIF to resume paying time loss benefits as of August 14, 1990. The order also provided:

> "Reimbursement from the Reopened Claims Reserve is not authorized as the claim was reopened prior to January 1, 1988."

SAIF asked the Board to reconsider that portion of its order. On reconsideration, the Board denied SAIF reimbursement from the Reserve for payments that it had made before August 14, 1990, but authorized reimbursement for the payments made after that date.

SAIF contends that the Board lacks the authority to grant or deny reimbursement from the Reserve. In its order, the Board asserts that ORS 656.625(2) gives it that authority. It is mistaken.

■■ The Board's authority is limited by statute. It has authority to determine matters concerning a claim. ORS 656.704; *EBI Companies v. Kemper Group Insurance*, 92 Or App 319, 758 P2d 406, *rev den* 307 Or 145 (1988). A matter concerns a claim if it involves "the worker's right to receive

---

[1] ORS 656.625 provides:

"(1) The director shall establish a Reopened Claims Reserve * * * for the purpose of reimbursing the additional amounts of compensation payable to injured workers that results from any award made by the board pursuant to ORS 656.278 after January 1, 1988.

"(2) Notwithstanding any other provision of law, any reimbursement from the Reopened Claims Reserve shall be in such amounts as the board prescribes and only to the extent that funds are available in the reserve.

"(3) The director, by rule, shall prescribe the form and manner of requesting reimbursement under this section, the amount payable and such other matters as may be necessary for the administration of this section."

compensation or the amount thereof." 92 Or App at 322. If a worker has been compensated and is not a participant in the dispute, the worker's right to receive compensation or the amount thereof is no longer at issue, and so the Board lacks jurisdiction. 92 Or App at 322.

■ ORS 656.625(1) provides that a prerequisite to any recovery from the Reserve is compliance with a Board order issued pursuant to its own motion authority under ORS 656.278 directing an employer to compensate a claimant. OAR 436-45-010.[2] When an employer has complied with an own motion order, the worker has been compensated and is not thereafter a participant in the dispute. Consequently, after an employer has satisfied the prerequisites for reimbursement from the Reserve, there is no matter concerning a claim over which the Board can exercise authority.

■■ There is nothing in ORS 656.625(2) that indicates a legislative intent to expand the Board's jurisdiction. Reading ORS 656.625(1) and (2) together, the phrase "amounts prescribed by the board" referred to in subsection (2) logically relates to the amounts that the Board awards pursuant to its authority under ORS 656.278. So read, ORS 656.625(2) does not *grant* authority to the Board; it *limits* the authority of the director. The director can only reimburse insurers for amounts awarded by the Board pursuant to ORS 656.278 after January 1, 1988.

The Board denied reimbursement for some amounts that SAIF paid and authorized reimbursement for other amounts. Because the Board lacked jurisdiction to grant or deny reimbursement, we reverse and remand for the Board to vacate those portions of its order relating to reimbursement from the Reserve.

Reversed and remanded with instructions that the Board vacate the portions of its order relating to reimbursement from the Reopened Claims Reserve.

---

[2] OAR 436-45-010 provides, in relevant part:

"(1) In order to qualify for reimbursement from the Reopened Claims Reserve there must be:

"(a) An order or award issued by the Board upon its own motion pursuant to ORS 656.278 and as provided by OAR Chapter 438, Division 12; and

"(b) Verifiable compensation paid in accordance with the order or award."