Argued and submitted January 16, reversed; referee's order reinstated April 24,
reconsideration denied October 2, petition for review pending 1991

In the Matter of the Compensation of
Sidney H. Priest, Claimant.

Sidney H. PRIEST,
*Petitioner,*

*v.*

CITY OF HERMISTON
and Liberty Northwest Insurance Corp.,
*Respondents.*

(87-12900; CA A63479)

809 P2d 1370

Lawrence Baron, Portland, argued the cause for petitioner. On the brief were Robert K. Udziela, Dan O'Leary and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of a decision of the Workers' Compensation Board reversing the referee and holding that his claim for a low back injury is not compensable. Claimant has worked for employer for almost 26 years. He experienced compensable, nondisabling back strains in 1980 and 1982. On April 1, 1987, he felt pain in his back as he twisted while unloading a power trowel. He did not notify employer of that incident because he thought that the pain would resolve itself with time and exercise.

The pain became worse, and claimant finally went to Dr. Peterson, a chiropractor, for treatment. He did not tell Peterson about the April 1, 1987, incident. Peterson referred him to Dr. Howard, who performed a CAT scan and diagnosed a calcified herniated intervertebral disc. Howard referred claimant to Dr. Brett, who recommended immediate surgery.

Claimant had good results from the surgery. In June, 1987, after claimant learned of the results of his CAT scan, he filed a workers' compensation claim. The city recorder helped him fill out the claim form. On the form, claimant described the 1980 and 1982 injuries, but did not describe the 1987 incident. Claimant testified that he told the recorder about the 1987 incident but that they decided together not to mention it on the form, because they thought that claimant's condition had to be the result of the earlier injuries.

The 801 form that claimant completed and gave to employer had the name "Liberty Northwest Insurance Corporation" (Liberty) printed on it. Liberty had become employer's insurer on July 1, 1985. Claimant testified that he did not file a claim with employer's previous insurer, because he did not know that he was supposed to. Employer's pre-1985 insurers have never been joined in this proceeding and are not parties to this review.

On June 25, 1987, Liberty denied the claim, stating that it had "been unable to verify that your employment has caused or contributed to your current condition." The medical evidence is undisputed that claimant's employment with employer before 1985 is the cause of his back condition.

The referee found that, although claimant's failure to tell his treating doctors about the April, 1987, incident made it

impossible to tell whether that incident had contributed to his condition requiring surgery, there was no question but that claimant's condition was related to his employment. The referee held that the claim was compensable and, relying on *Runft v. SAIF*, 303 Or 493, 739 P2d 12 (1987), held that Liberty was responsible, because it had failed to join the insurance carriers that were on the risk before July, 1985. The Board reversed the referee, holding that, because claimant had failed to establish that an incident had occurred that had materially contributed to his condition while Liberty was on the risk, claimant had not shown that the claim was *compensable* as against Liberty.

The Board effectively treated claimant's employment after Liberty came on the risk as separate from his employment before that time. Thus, although claimant worked for a single employer during the entire period, the Board required that claimant establish a separate claim against Liberty.

We agree that, for purposes of assigning liability, the analysis has not distinguished between cases involving multiple employers and those involving multiple insurers. *See, e.g., Inkley v. Forest Fiber Products Co.*, 288 Or 337, 605 P2d 1175 (1980); 4 Larson, *Workman's Compensation*, § 95 (1990). However, whether or not that failure to distinguish is sound, it has not been applied and would be of no help in the context of this injury claim, which was filed with the responsible employer. An injured worker has no reason to know, or even care, whether his employer has insurance or is self-insured, or whether the employer has had different insurers at different times. To assert a workers' compensation claim for an injury, the only requirement is that the worker file a claim with the employer. ORS 656.265 provides that "[n]otice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer[.]" That statute requires the worker to notify the employer, not its insurer, of his injury.[1] The worker's claim is against his employer, not its insurer. ORS 656.005(6) defines a claim as "a written request for compensation from a subject worker or someone on the worker's behalf, or any compensable injury of

---

[1] The requirement might be different for claims of occupational disease. ORS 656.807 provides, in part, that "[a]ll occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer[.]"

which a subject employer has notice or knowledge." Claimant timely notified employer of his claim pursuant to the requirements of ORS 656.265. Accordingly, he satisfied his procedural obligation with respect to the filing of the claim.

■         Employers have the burden of processing a claim filed with them and forwarding necessary information to their insurer. ORS 656.262 provides, in part:

"(3)   Employers shall, immediately and not later than five days after notice or knowledge of any claims or accidents which may result in a compensable injury claim, report the same to their insurer. The report shall include:

"(a)   The date, time, cause and nature of the accident and injuries.

"(b)   Whether the accident arose out of and in the course of employment.

"(c)   Whether the employer recommends or opposes acceptance of the claim, and the reasons therefor.

"(d)   The name and address of any health insurance provider for the injured worker.

"(e)   Any other details the insurer may require."

It was employer's duty, not claimant's, to notify its insurer, which is responsible for processing the claim. Claimant's only remaining obligation was to establish the compensability of the claim, that is, its job-relatedness.

The Board correctly stated in its opinion that "[t]o establish a compensable accidental injury claim, claimant has the burden of proving that a work incident was a material contributing cause of his subsequent disability or need for treatment." Claimant had no obligation to show that an injury occurred while Liberty was on the risk. His obligation was to show that his present condition is related to his employment with employer. He has done that; even the Board's order reflects the fact that the injury is related to the work with employer.

The remaining question is whether, when Liberty sought to avoid responsibility for the claim, it had an obligation to join other potentially responsible insurers. *Runft v. SAIF, supra.* We conclude that it did. OAR 436-60-180, which, in substance, is the same rule discussed and relied on in *Runft,* provides, in part:

"(2)  Compliance shall designate by order which insurer shall pay a claim if the employers and insurers admit that the claim is otherwise compensable, and where there is an issue regarding:

"* * * * *

"(b)  Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"* * * * *

"(4)  Upon learning of any of the situations described in section (2), the insurer shall expedite the processing of the claim by immediately investigating the claim to determine responsibility and whether the claim is otherwise compensable.

"(5)  Upon learning of any of the situations described in section (2), the insurer shall immediately notify any other affected insurers of the situation. Such notice shall identify the compensable injury and include a copy of all medical reports and other information pertinent to the injury."

The record shows that, at the time that it denied the claim, Liberty was aware that claimant's condition was related to his employment and that, arguably, it was related to earlier injuries sustained while another insurer provided coverage. That, in substance, is the situation described in OAR 436-60-180(2)(b). Under subsection (5), Liberty had an obligation to notify the other potentially affected insurers. In *Runft,* the court held that the predecessor rule provided the basis for the requirement that, when an employer or insurer knows of the compensable claim and the potential dispute over responsibility, it must join the later, potentially responsible employer or insurer and that its failure to do so precludes it from relying on the last injurious exposure rule to avoid responsibility.

Liberty's argument that it lacks responsibility for the compensable injury is not based on the last injurious exposure rule, but on its contention that the injury related to events that occurred before its coverage became effective. Although the contention is different, the effect of allowing it would create the same situation that the court sought to avoid in *Runft:* The claimant who had established a compensable claim would go uncompensated, because the insurer of the employer against whom the claim had been filed neglected to carry out

its responsibility under the administrative rule to join the potentially responsible insurers. We hold that Liberty, as the agent responsible for investigating and administering the claim and having knowledge of the potential dispute over responsibility, had an obligation to join other potentially responsible insurers and that its failure to do so prevents it from avoiding responsibility for the claim.

Reversed; referee's order reinstated.