Argued and submitted October 31, affirmed December 4, 1991

In the Matter of the Compensation of
Lyle K. Vance, Claimant.

BARNEY'S KARTS, INC.
and Royal Insurance Company Of America,
*Petitioners,*

*v.*

Lyle K. VANCE,
SAIF Corporation and EBI Companies,
*Respondents.*

(88-04451, 88-08693, 88-09002, 88-13152;
CA A67686)

821 P2d 422

Jerald P. Keene, Portland, argued the cause for peti-
tioners. With him on the brief was Roberts, Reinisch, Mac-
kenzie, Healey & Wilson, P.C., Portland.

Max Rae, Salem, argued the cause and filed the brief for respondent Lyle K. Vance.

Jas. Adams, Assistant Attorney General, Salem, waived appearance for respondent SAIF.

Mark P. Bronstein, Portland, waived appearance for respondent EBI Companies.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Barney's Karts, Inc. (Barney's) and Royal Insurance Company (Royal) seek judicial review of an order of the Workers' Compensation Board holding Royal responsible for claimant's low back condition.

The facts are not disputed. Claimant has operated Barney's, a small amusement park and go-cart rental business, since 1970. Over the years, he has had various ownership interests in the corporation. There is no dispute but that, at the relevant times, he was covered by workers' compensation insurance. His primary employee responsibilities have included maintaining go-carts, supervising other workers and keeping the business books. In December, 1981, he fell out of a chair at work and injured his low back. He was treated by Dr. Strom through January, 1982. At that time, SAIF was Barney's worker's compensation insurer, but Barney's did not give it notice of the claim; instead, it paid for claimant's treatment.

In March, 1984, claimant bent over to lift a bumper car motor and experienced low back pain. Later that evening, he experienced a "pop" in his back while walking on the beach. He sought treatment from Strom and filed a claim for workers' compensation benefits with Barney's insurance carrier at the time, Fire and Casualty Insurance Company of Connecticut (FCICC). FCICC deferred acceptance or denial of the claim.

On April 13, 1986, claimant experienced low back pain while opening a safe at work. At that time, Barney's insurer was Royal. Claimant reported the incident to his fellow shareholder, Bernard, but did not give notice to Royal, although he was the person responsible for processing claims against Barney's and was also a part owner and the manager of the business at that time. He testified that he believed then that the pain was merely a continuation of the 1984 problem.

In October, 1986, FCICC denied the 1984 claim on the ground that claimant's March, 1984, disability was an aggravation of the 1981 injury. Claimant's request for a hearing was dismissed after he entered into a disputed claim settlement with FCICC. Then, in February, 1988, claimant filed a claim with SAIF for the 1981 injury; SAIF denied

responsibility. In May, 1988, claimant filed this claim for the 1986 incident, which Royal denied in July, 1988. Claimant sought a hearing on each denial.

Barney's and Royal seek review of the Board's order affirming the referee's determination that claimant had done all that was required of him, that the 1986 incident was a "discreet injurious event" that contributed independently to claimant's current back condition and that Royal, as Barney's insurer at the time of the injury, is responsible.

ORS 656.265 provides, in part:

"(1)    Notice of an accident resulting in an injury or death shall be given immediately by the worker or a dependant of the worker to the employer, but not later than 30 days after the accident.

"* * * * *

"(4)    Failure to give notice as required by this section bars a claim * * *."

There is no dispute but that Barney's had timely notice of the injury and that the injury was job-related.

■    ORS 656.262(3) requires an employer to notify the insurer of a claim:

"Employers shall, immediately and not later than five days after notice or knowledge of any claims or accidents which may result in a compensable injury claim, report the same to their insurer. * * * Failure to so report subjects the offending employer to a charge for reimbursing the insurer for any penalty the insurer is required to pay under subsection (10) of this section because of such failure."

Although claimant was a stockholder in Barney's and managed the business, the corporation was his employer and was the insured. Under the statutory scheme, claimant's only obligation was to notify Barney's of the claim, *see Priest v. City of Hermiston*, 106 Or App 732, 736, 809 P2d 1370 (1991), and he did that.

■    Barney's was responsible for giving notice of the claim to Royal and, failing that, Royal was entitled to be reimbursed by Barney's for any penalties assessed for late processing. Barney's failure, as the employer, to notify Royal is a matter between Royal and Barney's; it does not concern

claimant or his entitlement to benefits. We find no authority in Workers' Compensation Law to support Royal's contention that claimant should be treated as the employer or that he is equitably estopped from seeking benefits because, as part owner and manager of Barney's, he failed to carry out his responsibility to Barney's to notify Royal of the claim.[1]

Affirmed.

---

[1] Contrary to Royal's statements in its brief, the record contains no evidence that, in failing to report the claim to Royal, claimant acted deliberately to delay and compromise Royal's rights.