Argued and submitted December 16, 1991, affirmed July 8, 1992

In the Matter of the Compensation of
Roy W. Riggs, Claimant.

INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

Roy W. RIGGS,
Industrial Carbide Tooling
and Liberty Northwest Insurance Corporation,
*Respondents.*

(89-17132, 90-01259; CA A70511)

833 P2d 1378

Paul L. Roess, Lake Oswego, argued the cause and filed the brief for petitioner.

Karen M. Werner, Eugene, argued the cause for respondent Roy W. Riggs. On the brief were Thomas M. Cary and Coons, Cole & Cary, Eugene.

David O. Wilson, Eugene, argued the cause for respondents Industrial Carbide Tooling and Liberty Northwest Insurance Corporation. With him on the brief was Employers' Defense Counsel, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

International Paper Company (International) seeks review of an order of the Workers' Compensation Board that set aside its denial of claimant's aggravation claim and awarded him compensation and attorney fees. We affirm.

In May, 1982, claimant compensably injured his back while setting chokers as a logger for International. Thereafter, he had recurrent back and leg pain. In January, 1986, surgeons performed a spinal fusion. In 1987, he began to work for Industrial Carbide (Carbide) as a saw filer. In August, 1989, a determination order awarded 30 percent unscheduled permanent partial disability. In October, 1989, he again experienced back pain and filed an aggravation claim with International, which denied responsibility and joined Carbide, which also denied responsibility. Claimant requested a hearing. The referee found that International is responsible. International appealed to the Board.

■ The Board found that claimant's work at Carbide did not worsen his condition and concluded that International remains responsible. International assigns error to that conclusion. It argues that no substantial evidence supports the finding that claimant's work at Carbide did not worsen his back condition. It also asserts that the Board failed to explain how the facts that it found support its conclusion.

Claimant has had ongoing radiculopathy since 1982 and had to stand for roughly eight hours a day while working for Carbide. His back pain increased in October, 1989, caused by pressure on the nerve root. International argues that the increased pressure means that the underlying condition worsened. However, claimant's medical evidence is that radiculopathy may result from a trauma to the nerve, not necessarily from pressure alone, that his spinal fusion was solid, that no other abnormalities existed, that he had lost no strength since July, 1989, and, according to a treating physician, that that was a good indicator that the underlying condition had not changed. Claimant's chiropractor's diagnosis is that he has had no increased permanent impairment. That was substantial evidence to support the Board's finding that the work at Carbide did not worsen the condition. ORS

183.482(8)(c). Moreover, the Board's order recited the medical evidence, and it adequately explained how its findings support its conclusion.

International also assigns error to the Board's award of attorney fees to claimant. It asserts that claimant sought to shift responsibility to Carbide and argues that, because he failed, he did not prevail.

■ Attorney fees awards in workers' compensation cases must be as authorized by statute. *Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984). The Board awarded fees after the hearing because, according to it, claimant's attorney had to participate in the hearing to protect against an assertion of non-compensability. We agree. International and Carbide had both denied responsibility, and neither had conceded that the claim for medical services was compensable. ORS 656.307(1). Compensability could have been an issue at the hearing, had International or Carbide attempted to defeat the claim for medical services by challenging compensability. That reasonably lead claimant's attorney to participate in the hearing. *See SAIF v. Bates*, 94 Or App 666, 669, 767 P2d 87 (1989). The Board did not disallow or reduce claimant's compensation and, therefore, it did not err in awarding attorney fees for the hearing under ORS 656.382(2).[1]

■ The Board also awarded fees for services rendered on Board review. A claimant is entitled to attorney fees under ORS 656.382(2) if his compensation is put at risk of reduction by the employer's appeal. The Board said:

"In the present case, claimant's wage rate with the employer was higher than his wage rate at Industrial. Consequently, if responsibility were reassigned on Board review, claimant's temporary disability would be reduced. [Citations omitted.] Because claimant's compensation was at risk of

---

[1] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

reduction as a result of the employer's appeal, claimant's counsel is entitled to an assessed fee."

Employer argues that a fee award is "anomalous," because claimant argued, as did International, that Carbide should be held responsible and that argument was not successful. Notwithstanding any anomaly, the Board was correct. International's appeal placed claimant's award at risk of a reduction, and the Board ruled that the compensation allowed should not be reduced. ORS 656.382(2) authorized the award. Nothing in the statute suggests that a claimant's right to fees depends on the Board's adoption of his arguments. The Board may take into account the claimant's pursuit of unsuccessful arguments in determining what fee is reasonable, but International makes no argument that the fee awarded, $100, is unreasonable.

Affirmed.