Argued and submitted March 12, reversed and remanded in part; otherwise affirmed
September 16, 1992

In the Matter of the Compensation of
Karolyn K. Teresi, Claimant.
DENNIS UNIFORM MANUFACTURING
and United Pacific Insurance Company,
*Petitioners,*

*v.*

Karolyn K. TERESI,
SAFECO Insurance Company,
Liberty Northwest Insurance Corporation
and Western Employers Insurance,
*Respondents.*

(88-20424; CA A70483)

837 P2d 984

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Roger J. Leo, Portland, argued the cause for respondent Karolyn K. Teresi. With him on the brief was Leo & Horton, Portland.

Janice M. Pilkenton, Portland, waived appearance for respondent SAFECO Insurance Company.

M. Kathryn Olney, Portland, waived appearance for respondent Liberty Northwest Insurance Corporation.

Janet M. Schroer, Portland, argued the cause for respondent Western Employers Insurance. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant worked as a seamstress for Dennis Uniform Manufacturing (employer) from 1977 through October, 1988, when she became an inspector. Over that time, employer had seven workers' compensation insurance carriers. Four are parties to this review. In 1983, claimant filed a claim for pain in the left hand and wrist, which Western Employers Insurance (Western), employer's insurer at the time, accepted. In March, 1984, claimant was also diagnosed as having epicondyl tendinitis of the left elbow; in August, 1984, that condition was also diagnosed in the right elbow. Claimant received treatment, but she did not lose time from work or file a new claim. Wausau Underwriters (Wausau) was then employer's insurer. SAFECO Insurance Company was employer's insurer from September, 1984, until August, 1985.

Claimant continued to have difficulties and filed a claim in September, 1986, for carpal tunnel syndrome affecting her left hand and wrist, which Liberty Northwest Insurance Corporation (Liberty), then on the risk, accepted on behalf of employer. Claimant had surgery on her left wrist in September, 1986, and the claim was closed in December, 1986, with an award for temporary disability only. Between August, 1986, and February, 1988, claimant experienced occasional flare-ups of the elbow condition.

In March, 1988, claimant filed a claim for both hands and wrists. At that time, United Pacific Insurance Company (United Pacific) was employer's insurer. Claimant's condition was diagnosed as chronic bilateral epicondylitis. She received treatment and has had minimal pain since. SAFECO, Liberty and United Pacific denied responsibility; Western denied compensability and responsibility. Wausau, the only insurer that has not participated in this proceeding, has not accepted or denied the claim.

The Board adopted the findings of the referee and held that claimant's condition is compensable as an occupational disease. It recognized that Wausau, employer's insurer when claimant first sought treatment for her condition, would ordinarily have been responsible for the claim but, because Wausau had never received a claim or been joined as a

party, United Pacific, as the insurer on the risk at the time of the last potentially causal exposure, is responsible. United Pacific contends that it should not be held responsible, because it made every effort to obtain the participation of Wausau.

■■ In *Priest v. City of Hermiston*, 106 Or App 732, 809 P2d 1370, *rev den* 312 Or 527 (1991), we held that a worker satisfies his obligations under the Workers' Compensation Law by filing a claim with the employer and establishing that the work was the cause of the condition. The worker need not file claims with every potentially responsible insurer. Under the rationale of *Runft v. SAIF*, 303 Or 493, 739 P2d 12 (1987), we concluded that, when a claimant files a claim with the employer, a notified insurer that knows of a potential dispute over responsibility has the obligation to join other potentially responsible insurers and that, if it fails to do that, it may not assert, under the last injurious exposure rule, that it is not responsible and that the nonjoined insurer is.[1]

■ We are not persuaded by United Pacific's attempts to distinguish *Runft* and *Priest* and conclude that they require the result reached by the Board. When United Pacific denied the claim, it was aware that claimant's condition was arguably related to an earlier period of employment and that Wausau was the potentially responsible insurer. In fact, it notified Wausau of the claim and requested the issuance of an order designating a paying agent pursuant to ORS 656.307. The Department did not issue an order, because Western had denied the compensability of the claim. At the request of all parties, the hearing was postponed, so that all potentially responsible insurers, including Wausau, could be joined. Claimant had not filed a claim specifically with Wausau, opposed joining Wausau and sought to have the hearing scheduled as soon as possible, taking the position that United Pacific was responsible. United Pacific did not move to join Wausau, because it believed that it could not under the Hearings Division's rule, which expressly provided for joinder only of *subsequent* insurers.

---

[1] We note that ORS 656.307 was amended in 1990 to place responsibility for joining all potentially responsible insurers on claimants. Or Laws 1990 (Spec Sess), ch 2, § 49.

We reject United Pacific's contention that claimant should be penalized for her failure to support United Pacific's efforts to join Wausau. As we held in *Priest v. City of Hermiston, supra,* that was United Pacific's duty, if it wished to avoid responsibility by asserting that Wausau was responsible. The Board correctly held that United Pacific, having failed to join Wausau, cannot avoid responsibility by asserting that Wausau is responsible.[2]

■    United Pacific contends that the Board erred in awarding claimant attorney fees payable by it under ORS 656.386(1), which provides, in part:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee."

Only Western contested compensability. Claimant sought a hearing and received a favorable determination on the question of compensability. She prevailed finally on that issue, because Western did not appeal to the Board. Claimant is entitled to insurer-paid attorney fees under ORS 656.386(1) for services performed at the hearing level from the insurer that created the need for her to establish the compensability of the claim. That insurer is Western.

■    As to fees for services performed at the Board level, United Pacific argues that, because it did not contest compensability, the Board was not authorized to award attorney fees payable by it.

Compensability was an issue before the referee. Even though the parties did not raise it on Board review, the Board was authorized to make a *de novo* review of the claim, ORS 656.295(6), and *could* have decided compensability. If compensability had been raised by the Board, it could have ruled against claimant on that issue. United Pacific's appeal to the Board placed claimant's award at risk. Claimant's

---

[2] United Pacific contends that, if Wausau is not responsible, Western is. We will not consider that argument, which is raised for the first time on review.

attorney was justified in actively participating at the Board proceeding to protect claimant's interests. *SAIF v. Bates*, 94 Or App 666, 670, 767 P2d 87 (1989). The Board correctly awarded attorney fees payable by United Pacific, pursuant to ORS 656.382(2). *See International Paper Co. v. Riggs*, 114 Or App 203, 833 P2d 1378 (1992).

Reversed and remanded for award of fees for services at hearing level to be paid by Western Employers Insurance; otherwise affirmed.