Argued and submitted October 12, 1987, award of attorney fees reversed, otherwise affirmed January 13, petitioners' petition for reconsideration allowed and claimant's petition for reconsideration denied by opinion June 15, 1988
See 91 Or App 472 (1988)

In the Matter of the Compensation of
Joanne C. Krause, Claimant.

VIP'S RESTAURANT et al,
*Petitioners,*

*v.*

KRAUSE,
*Respondent.*

(WCB 86-05815; CA A42526)

748 P2d 164

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Charles S. Tauman, Portland, argued the cause for respondent. With him on the brief was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this Workers' Compensation case, claimant filed a June, 1984, aggravation claim, which employer denied. On February 18, 1986, the referee ordered employer to accept the claim. In the interim, on January 31, 1985, claimant's treating physician determined that she was medically stationary but did not release her for work. She has never challenged that. After the February order, employer paid compensation for temporary total disability only through January 31, 1985.

Claimant sought a hearing, asserting that, because she had not been released for work, she was entitled to temporary total disability benefits until the Evaluation Division had issued a determination order. ORS 656.268(2).[1] In May, 1986, the referee denied the request for additional compensation, stating that employer should not be required to pay time loss during the time when claimant was medically stationary. The division issued a determination order on June 6, 1986, ordering payment of temporary total disability benefits from the date of the injury to December 18, 1984, apparently having determined that claimant became medically stationary on that date.

■ On claimant's appeal, the Board ruled that employer was required to pay time loss from the date of the injury until the division authorized it to terminate benefits. We agree with the Board's determination and conclude that employer was required to pay benefits for temporary total disability through the date of the June 6, 1986, determination order. As we held in *Noffsinger v. Yoncalla Timber Products,* 88 Or App 118, 744 P2d 295 (1987), ORS 656.268 deals with the processing of a claim that is in "accepted" status. Although this claim was originally denied, it became accepted when the referee ordered

---

[1] ORS 656.268(2) provides, in part:

"When the injured worker's condition resulting from a disabling injury has become medically stationary, unless the injured worker is enrolled and actively engaged in training, the insurer or self-insured employer shall notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation, if any, be determined. * * * *If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section.*" (Emphasis supplied.)

it accepted in February, 1986. At that point, employer was obligated to process it as an accepted claim.

ORS 656.268(2) provides that, when a claimant is medically stationary but has not yet been released for work, the employer "must continue" to pay benefits for temporary total disability "until termination of such payments" is authorized by the division. Employer focuses on the quoted language as an indication that the requirement for payment of temporary total disability has no significance in a case such as this, where payments have never been made and therefore cannot "continue" or "terminate." Although the precise wording of the statute is about the processing of a claim accepted at the outset or before the medically stationary date, we conclude that it also applies under the circumstances here. An employer ordered to accept a claim after the medically stationary date should be no less responsible for the payment of temporary total disability benefits than an employer who accepts the claim at the outset or who is ordered to accept the claim while the claimant is temporarily disabled. Because claimant has never been released for work, employer was obligated to pay benefits for temporary total disability until the division's June 6, 1986, order determining that claimant was medically stationary and thereby authorizing the termination of benefits for temporary total disability.

Employer asserts that the application of the statute in these circumstances will result in the payment of benefits greater than those it would have paid had it accepted the claim initially, because the pendency of the litigation on compensability delays the process of claim closure. That is a situation within the control of employer. When an employer denies the compensability of a claim, it takes the risk that that issue may be resolved against it, *i.e.,* that the claim was in fact compensable from the outset. Although an employer is not required to seek closure of a claim that is in "denied" status, nothing prevents it from doing so, for the determination of extent of disability is not stayed during litigation of compensability. *SAIF v. Maddox,* 295 Or 448, 454, 667 P2d 529 (1983). To protect itself, an employer may seek closure of the denied claim when the claimant is determined to be medically stationary, irrespective of the pending litigation on compensability.

■     Employer assigns error to the Board's award of attorney fees for services performed at the Board and referee levels. The Board determined that, because employer had acted consistently with the Board's order in *Sharon Bracke,* 36 Van Natta 1245 (1984), its failure to pay benefits beyond the medically stationary date was not unreasonable. We agree that employer's conduct was not unreasonable and, therefore, hold that claimant is not entitled to attorney fees under ORS 656.262(10) or ORS 656.382(1). The Board awarded fees to claimant for having prevailed on her claim for additional compensation, and employer argues that it should not have done so, because claimant's attorney filed no brief at the Board level. *See Les Schwab Tire Center v. Elmer's Pancake House,* 84 Or App 425, 734 P2d 13 (1987). Irrespective of that argument, we know of no basis for an award of attorney fees in these circumstances. This case does not meet the criteria of either ORS 656.382(2) or ORS 656.386(1), because the Board appeal was not taken by employer, ORS 656.382(2), or from the denial of compensability. ORS 656.386(1); *see Shoulders v. SAIF,* 300 Or 606, 716 P2d 751 (1986). We therefore reverse the award.

Award of attorney fees reversed; otherwise affirmed.