295

Argued and submitted November 13, 1987, affirmed April 6, 1988

In the Matter of the Compensation of
Jerry F. Foster, Claimant.
WESTERN EMPLOYERS INSURANCE et al,
*Petitioners,*

*v.*

FOSTER et al,
*Respondents.*

(WCB 84-11283, WCB 84-12837; CA A43398)

752 P2d 852

Jerry K. Brown, McMinnville, argued the cause for petitioners. On the brief were Karen V. Wiggins and Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

James L. Edmunson, Eugene, argued the cause for respondent Jerry F. Foster. On the brief were Karen M. Werner and Malagon & Moore, Eugene.

David Horne, Beaverton, argued the cause for respondents Roseburg Lumber Company and Wausau Insurance Company. On the brief was Constance L. Wold, Beaverton.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant experienced an incident involving his back while working at Quiet Valley Veneer (Quiet Valley) in 1983. He filed a claim with Western, Quiet Valley's insurer, seeking benefits for an injury, and also filed an aggravation claim with Wausau, insurer for his previous employer, alleging that the incident was an aggravation of a compensable 1973 injury. Both insurers denied the claim, but Wausau voluntarily began paying benefits for temporary total disability and also paid for vocational assistance.

The referee and the Board held that claimant had a new injury and that Western was responsible for payment of benefits. On *de novo* review, we affirm that determination. We write only to address Western's contention that the referee erred in requiring that it reimburse Wausau for amounts that Wausau had paid for vocational assistance and temporary total disability after claimant allegedly became medically stationary.

More than five years had passed from the date of claimant's injury at Wausau's insured to the date of the incident at Quiet Valley. For that reason, claimant's aggravation claim against Wausau was considered by the Board on its own motion. Although neither insurer has seriously contested the compensability of the back condition, because the aggravation claim fell within the Board's own motion jurisdiction, neither insurer applied for, and the Board never entered, an order under ORS 656.307 designating a paying agent.[1] Wausau therefore paid temporary total disability and vocational assistance benefits at a time when claimant was not entitled to them.[2]

When the claim was determined to be the responsibility of Western as a new injury, however, claimant had not yet been released for work and Western had the obligation to pay temporary total disability benefits from the time of the injury until claimant was determined by the Evaluation Division to be medically stationary. ORS 656.268; *Vip's Restaurant v.*

---

[1] OAR 436-60-180(3) provides that cases under the Board's own motion jurisdiction are exempt from the procedures for designating a paying agent.

[2] Western does not claim that, because Wausau was a "volunteer," Western had *no* obligation to reimburse it.

*Krause,* 89 Or App 214, 748 P2d 164 (1988). The referee therefore properly required Western to reimburse Wausau for time loss benefits that it had paid up to the time of the determination order, despite the fact that there is evidence that claimant became medically stationary before that date.

■ The analysis is different with respect to the vocational assistance, but the result is the same. Although Western had no obligation to provide vocational assistance during the time when Wausau was providing it, it did have an obligation to provide it after it became responsible for the claim. *See* ORS 656.340. Western does not contend that the services were untimely or inappropriate in the light of claimant's condition. Western also does not contend that the vocational assistance did not work to satisfy its obligation to claimant. We conclude that Western's obligation to pay for vocational assistance includes the duty to reimburse Wausau for appropriate services provided to the extent that those services satisfied Western's obligation. The Board properly ordered reimbursement for vocational assistance.

Affirmed.