Submitted on petitioners' petition for reconsideration filed March 16, and on respondent's petition for reconsideration filed March 30, Vip's and EBI's petition for reconsideration allowed, claimant's petition for reconsideration denied and former opinion (89 Or App 214, 748 P2d 164) adhered to June 15, 1988

In the Matter of the Compensation of
Joanne C. Krause, Claimant.

VIP'S RESTAURANT et al,
*Petitioners,*

*v.*

KRAUSE,
*Respondent.*

(WCB 86-05815; CA A42526)

756 P2d 47

Craig A. Staples and Roberts, Reinisch & Klor, P.C., Portland, for petitioners Vip's Restaurant and EBI Companies.

Charles S. Tauman and Bennett, Hartman, Tauman & Reynolds, P.C., Portland, for petitioner Joanne C. Krause.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant has filed a petition for review of our decision, 89 Or App 214, 748 P2d 164 (1988), reversing the Board's award of attorney fees. Vip's Restaurant and EBI Companies seek review of our decision affirming the Board's determination that Vip's was required to pay temporary total disability after it was held to be responsible for the claim and until the Evaluation Division determined that claimant was medically stationary. We allow only Vip's and EBI's petition for reconsideration. ORAP 10.10. We adhere to our opinion and write only to address Vip's and EBI's contention that they could not have sought claim closure before EBI was determined to be the responsible insurer, because SAIF had been designated the paying agent.

First, there is no indication in the record that SAIF had been designated as the paying agent. Second, even assuming that it had been, nothing prevented EBI, as a potentionally responsible insurer, from seeking a determination order any time after claimant became medically stationary. ORS 656.268.

Vip's and EBI's petition for reconsideration allowed; claimant's petition for reconsideration denied; former opinion adhered to.