Argued and submitted March 4, affirmed on petition; reversed on cross-petition and remanded for reconsideration December 21, 1988

In the Matter of the Compensation of
Franklin L. Beebe, Claimant.

BEEBE,
*Petitioner - Cross-Respondent,*

*v.*

PHIBBS LOGGING & CUTTING et al,
*Respondents - Cross-Petitioners.*

(WCB 85-03872; CA A45186)

765 P2d 1258

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Karen M. Werner, and Malagon & Moore, Eugene.

John E. Snarskis, Portland, argued the cause and filed the brief for respondents - cross-petitioners.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Claimant seeks review of a Workers' Compensation Board order reducing the amount of attorney fees awarded by the referee. Employer cross-petitions, seeking review of the Board's order awarding claimant attorney fees for obtaining payment of temporary disability benefits that had been suspended pursuant to an order from the Workers' Compensation Department. We affirm on the petition, reverse on the cross-petition and remand for reconsideration.

Claimant suffered a job-related injury and was awarded temporary disability benefits. Employer neither denied the claim nor contested the award. Subsequently, the Workers' Compensation Department (Department) suspended claimant's benefits because of his failure to keep a confirmed appointment with a certified rehabilitation facility. He requested a hearing. The referee set aside the suspension and ordered claimant's benefits reinstated. He also awarded claimant $1,800 in attorney fees, to be paid by employer. Employer sought Board review on the merits of the reinstatement and on the award of attorney fees. The Board affirmed the reinstatement, but reduced the attorney fees to $1,200. It also awarded an additional $600 in attorney fees for services on Board review.

■ ■   Claimant challenges the Board's jurisdiction to review the amount of attorney fees awarded by a referee pursuant to ORS 656.386(1). He argues that, under that statute, review of attorney fees rests exclusively in the circuit court. We disagree. The Board has jurisdiction to review the amount that a referee awards a claimant for attorney fees, so long as the employer has sought Board review on the merits of the claim. *Greenslitt v. City of Lake Oswego,* 305 Or 530, 537, 754 P2d 570 (1988). In this case, employer did seek Board review on the merits of the claim. Accordingly, the Board was correct in concluding that it had jurisdiction to review and reduce the amount awarded.

■   Employer cross-petitions, arguing that the award by the referee of insurer-paid attorney fees was not authorized by ORS 656.386(1), because employer never denied the original claim or acted unreasonably in following the Department's order to suspend payment of benefits. We agree. ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. * * * Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

In *Vip's Restaurant v. Krause,* 89 Or App 214, 748 P2d 164, *adhered to* 91 Or App 472, 756 P2d 47, *rev den* 306 Or 414 (1988), we held that, if an employer terminates temporary total disability payments on the date ordered by the Department, a claimant who successfully appeals the Department's order cannot recover attorney fees from the employer under ORS 656.386(1). We reasoned that such an award would be inappropriate, because the employer's conduct is not a "denial of compensability" under ORS 656.386(1). *See Short v. SAIF,* 305 Or 541, 545-47, 754 P2d 575 (1988). We see no relevant distinction between an employer's compliance with a Department-ordered termination date and compliance with its suspension order. Accordingly, we hold that it was error for the Board to affirm the referee's award of attorney fees under ORS 656.386(1).[1]

■ The Board awarded an additional $600 in attorney fees for services on Board review. To the extent that the award reflects services rendered in defense of the referee's decision to reinstate temporary disability benefits, it was proper because the employer initiated the review. ORS 656.382(2). However, on remand the Board should determine what amount, if any, it awarded for defending the referee's grant of employer-paid attorney fees and should reduce the award by that amount.

Affirmed on the petition; reversed on the cross-petition; and remanded for reconsideration of the award of attorney fees for Board review.

---

[1] Claimant argues only that ORS 656.386(1) supports an award of attorney fees under the circumstances of this case. Because neither party argues that ORS 656.382(2) applies in these circumstances, we do not consider whether that statute might support an award.