Argued and submitted June 2, reversed and remanded with instructions
December 20, 1989

In the Matter of Audie Wilson, Claimant.

# LIBERTY NORTHWEST INSURANCE CORPORATION,
*Petitioner,*

*v.*

# SAIF CORPORATION,
*Respondent.*

(WCB 87-17907; CA A49975)

784 P2d 123

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and Katherine H. Waldo, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner Liberty Northwest Insurance Corporation (Liberty) seeks review of a contested case order issued by the Department of Insurance and Finance[1] denying its request for an order requiring SAIF to pay it $1,360.87, the amount of interim compensation paid by Liberty to a worker before it denied responsibility for his injury. We reverse.

The claimant was injured on June 27, 1986, while an employe of Gold Dust, a business that provides temporary help to other employers. Gold Dust was insured by SAIF at the time of the injury. The claimant was working as a temporary employe at Cornett Lumber Company when he was injured. On July 7, 1986, he went to work for Cornett, which is insured by Liberty. Claimant first sought medical treatment for the June 27 injury on July 8, 1986. In the medical forms that he filled out, he named Cornett, rather than Gold Dust, as his employer at the time of the injury. Consequently, claimant's medical providers reported the claim to Liberty, Cornett's insurer. Liberty paid interim compensation from July 11 until August 29, 1986, when it formally denied responsibility. It continued to pay compensation until September 26. Claimant also filed a workers' compensation claim against Gold Dust. SAIF did not pay interim compensation.

On August 29, 1986, Liberty requested an order under ORS 656.307 determining responsibility for the claim. Liberty notified SAIF of its request. SAIF took no action and did not respond to requests by the Workers' Compensation Division to explain the status of the claim until October 17, 1986, when it formally accepted the injury as disabling. SAIF then made a lump sum payment directly to the worker for interim compensation and temporary total disability for the period from July 11 to September 26, 1986. SAIF did not inform Liberty of the payment. As a consequence of SAIF's actions, the claimant received double payments for that period.

In September, 1987, Liberty requested an order from

---

[1] Under ORS 656.726(3), the director of the department is charged with the administration, regulation and enforcement of ORS 656.001 to ORS 656.794. The director has delegated his authority to carry out the statutes, rules and bulletins relating to employer coverage to the department's Workers' Compensation Division. ORS 656.704(2); OAR 436-50-002; OAR 436-50-006; OAR 436-50-008; OAR 436-50-010; and OAR 436-50-020.

the department requiring SAIF to reimburse it $2,138. The department denied the request for compensation on the ground that it lacked authority to order reimbursement without an ORS 656.307 order. Liberty requested a hearing. After the hearing, the department denied reimbursement for the compensation that Liberty had paid from July 11 to August 29, 1986. It did, however, order SAIF to reimburse Liberty $777.64 for payments made by Liberty after its denial through September 26.

The issue is whether the department has the authority to order SAIF to reimburse Liberty for the interim compensation that it paid. Liberty argues that the department has the authority under ORS 656.307[2] to order adjustments between insurers in cases where responsibility is an issue. SAIF contends that that statute does not provide authority, because a determination of responsibility must be made *by the department* before there is authority to order reimbursement.

■      Liberty invoked the ORS 656.307 process by filing a request for a determination of responsibility under that statute. It turned out not to be necessary for the department to make a determination of responsibility, because SAIF accepted responsibility for the claim before a determination was made. We conclude that the fact that the department did not make the responsibility determination itself does not preclude it from ordering monetary adjustments between insurers. The pertinent language of the statute provides that "[w]hen a determination of the responsible paying party has

---

[2] *Former* ORS 656.307(1) provided:

"Where there is an issue regarding:

"(a) Which of several subject employers is the true employer of a claimant worker;

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

"(d) Joint employment by two or more employers,

"the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4). When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. Any failure to obtain reimbursement from an insurer or self-insured employer shall be recovered from the Administrative Fund."

*been made,* the department shall direct any necessary monetary adjustment * * *." ORS 656.307(3). (Emphasis supplied.) The statute does not require that the department make the determination of responsibility before adjustments may be ordered, but merely that a determination be made. Here, a determination of responsibility was made when SAIF accepted responsibility.[3]

■ Statutes should be construed with a view to effecting the overall policy that they are intended to promote. *Wimer v. Miller,* 235 Or 25, 30, 383 P2d 1005 (1963). Our interpretation of ORS 656.307 is consistent with the policy of the workers' compensation law to encourage employers and insurers to take a pay-and-then-ask approach to claims, ORS 656.262; to require cooperation between insurers, OAR 436-60-180(4), (5) and (11) and OAR 436-60-200; to provide sanctions for delay or unreasonable denial in the payment of benefits, ORS 656.262(10) and ORS 656.382(1); and to discourage double recovery of benefits by claimants. ORS 656.210. We hold that the department has the authority to order SAIF to reimburse Liberty for the interim compensation that it paid.

Reversed and remanded with instructions to order respondent to reimburse petitioner $1,360.87.

---

[3] The administrative rules also do not require that the determination of responsibility be made by the department. OAR 436-60-190(2) does not make direction of an adjustment contingent on an order, but on the fact that the responsible paying party has been determined. In OAR 436-60-190(4), it is recognized that parties may determine between themselves who the responsible party is and, thereafter, a monetary adjustment may be made.