On petitioners - cross-respondents' petition for reconsideration filed May 22, petition for reconsideration allowed, former opinion (100 Or App 252, 785 P2d 385) modified to affirm on cross-petition and adhered to as modified August 8, reconsideration denied November 28, 1990, petition for review denied February 5, 1991 (311 Or 150)

In the Matter of the Compensation of
Larry K. Rose, Claimant.

MERCER INDUSTRIES
and Lumbermen's Underwriting Alliance,
*Petitioners - Cross-Respondents,*

*v.*

Larry K. ROSE,
*Respondent - Cross-Petitioner,*

*and*

AMERICAN BUILDING MAINTENANCE,
EBI Companies and EBI Services, Inc.,
*Respondents - Cross-Respondents.*

(88-16120, 88-03158; CA A51112)

795 P2d 615

Patric J. Doherty, E. Kimbark MacColl, Jr., and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland, for petition.

No appearance *contra.*

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Petitioner moves for reconsideration of our opinion in *Mercer Industries v. Rose,* 100 Or App 252, 785 P2d 385 (1990). We held that the Board erred when it refused to award attorney fees to claimant after claimant actively litigated the issue of responsibility. Petitioner argues that claimant is not entitled to an employer-paid attorney fee, because his right to compensation was never in jeopardy.

Claimant's entitlement to receive compensation was resolved before the hearing when an order of responsibility under *former* ORS 656.307,[1] was issued. ORS 656.386(1) provides, in pertinent part:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision *denying the claim for compensation,* the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee." (Emphasis supplied.)

Because claimant did not seek review from an order denying compensation, he is not entitled to attorney fees under ORS 656.386(1). *Shoulders v. SAIF,* 300 Or 606, 611, 716 P2d 751 (1986). To the extent that *SAIF v. Phipps,* 85 Or App 436, 737 P2d 131 (1987), is inconsistent with this opinion, it is overruled.

Motion for reconsideration allowed; former opinion modified to affirm on cross-petition and adhered to as modified.

---

[1] ORS 656.307 was amended in 1987, after the hearing in this case, to include a provision for award of attorney fees in responsibility hearings. *See* ORS 656.307(5).