Argued and submitted February 20, affirmed June 12, reconsideration allowed by opinion September 4, 1991

See 108 Or App 642, 815 P2d 720 (1991)

In the Matter of the Compensation of
Dorothy J. Hayes, Claimant.

Dorothy J. HAYES,
*Petitioner,*

*v.*

COOS CURRY MANPOWER,
SAIF Corporation and Safeway Stores, Inc.,
*Respondents.*

(WCB 88-06310, 88-08392; CA A65602)

813 P2d 1065

Eveleen Henry, Eugene, argued the cause for petitioner. With her on the brief was Rasmussen & Henry, Eugene.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents Coos Curry Manpower and SAIF Corp. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Kenneth Kleinsmith, Portland, argued the cause for respondent Safeway Stores, Inc. With him on the brief was Meyers & Radler, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of a Workers' Compensation Board order denying her attorney fees under ORS 656.386(1). We affirm.

Claimant has a form of asthma, for which SAIF's insured, Coos Curry Manpower (Coos), accepted responsibility in 1980. She began experiencing increased symptoms in 1987, after she began working for Safeway. She filed an aggravation claim against Coos, for which SAIF denied responsibility. Claimant sought a hearing and moved to join Safeway, a self-insured employer. Safeway denied both compensability and responsibility. After the hearing, but before the decision, the parties stipulated that Coos would accept the aggravation claim and that Safeway's denial would be affirmed. The parties reserved the issue of attorney fees for the referee to decide. The referee entered an order dismissing with prejudice claimant's request for a hearing, except on the issue of attorney fees, and ordered Safeway to pay $4,650 in fees. The Board reversed that award, reasoning that claimant had not finally prevailed against Safeway, because its denial was affirmed.

Claimant contends that she is entitled to attorney fees from either Coos or Safeway under ORS 656.386(1). She is not. *Jones v. OSCI,* 107 Or App 78, 810 P2d 1318 (1991).

Affirmed.