Argued and submitted February 19, on petition, award of attorney fees reversed and remanded; otherwise affirmed on petition and cross-petition June 10, 1992

In the Matter of the Compensation of
Rual E. Tigner, Claimant.

MULTNOMAH COUNTY SCHOOL DISTRICT
and Liberty Northwest Insurance
Corporation,
*Petitioners - Cross-Respondents,*

*v.*

Rual E. TIGNER,
*Respondent - Cross-Respondent,*
*and*

EBI COMPANIES,
*Respondent - Cross-Petitioner.*

(WCB 88-00682, 87-14482; CA A67766)

833 P2d 1294

Craig A. Staples, Portland, argued the cause for petitioners - cross-respondents. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Ralph E. Wiser, III, Portland, argued the cause for respondent - cross-respondent. With him on the brief was Bennett & Durham, Portland.

Mark P. Bronstein, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Davis & Bostwick, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Liberty Northwest Insurance Corporation (Liberty) seeks review of a Workers' Compensation Board order holding it responsible for claimant's occupational disease and awarding claimant an insurer paid attorney fee. EBI Companies (EBI) cross-petitions for review of the Board's denial of its request for reimbursement of claim costs from Liberty. On the petition, we affirm in part and reverse and remand in part; we affirm on the cross-petition.

Claimant worked full time for the Multnomah County School District (Multnomah) and part-time for Mt. Hood Community College (Mt. Hood). EBI was Multnomah's workers' compensation carrier through June 30, 1987, after which Liberty became its carrier. On July 10, 1987, claimant first consulted his physician concerning disabilities caused by job-related stress. On July 16, 1987, claimant began treatment by a psychiatrist. On August 18, 1987, claimant filed a stress claim against Multnomah. Both insurers denied responsibility for his condition, and claimant requested a hearing. On September 17, 1987, claimant also filed a mental stress claim against Mt. Hood. Liberty, which was also Mt. Hood's carrier, denied compensability of claimant's condition, and claimant requested a hearing.

Because it believed that claimant's stress condition arose out of claimant's work at Multnomah when EBI was on the risk, Liberty, on Multnomah's behalf, requested designation of a paying agent pursuant to ORS 656.307. However, because Liberty, on Mt. Hood's behalf, had denied compensability, the Department of Insurance and Finance rejected Liberty's request, and the matter was then set for a hearing before the referee.

At the hearing, the parties stipulated that Mt. Hood should be dismissed from the proceedings and that the only issue was responsibility as between Multnomah's insurers. Because he found that conditions that existed while EBI was on the risk were more likely to have been the cause of claimant's disability, the referee held EBI responsible. Because the Board found on review that conditions while Liberty was on the risk actually contributed to claimant's disability, it reversed and held Liberty responsible. Liberty

contends that, in reaching its conclusion, the Board erroneously applied the last injurious exposure rule. We review for errors of law. ORS 183.482(7), (8).

■    In *UAC/KPTV Oregon TV, Inc. v. Hacke*, 101 Or App 598, 602 n 2, 792 P2d 1219, *rev den* 310 Or 393 (1990), we reaffirmed that the last injurious exposure rule governs the assignment of responsibility when successive insurers of a single employer contest responsibility. In that context, the rule assigns responsibility to the last insurer on the risk when conditions existed that could have caused the claimant's condition. *See Runft v. SAIF*, 303 Or 493, 500, 739 P2d 12 (1987). To escape responsibility, that insurer must show that the conditions while a previous insurer was on the risk were the *sole* cause or that it was *impossible* for conditions while it was on the risk to have caused the disease. *FMC Corp. v. Liberty Mutual Ins. Co.*, 70 Or App 370, 374, 689 P2d 1046 (1984), *on recon* 73 Or App 223, 698 P2d 551, *rev den* 299 Or 203 (1985). Of course, if conditions existed that actually contributed to a claimant's disease while an insurer was on the risk, that insurer cannot avoid responsibility. Accordingly, because the Board found that conditions while Liberty was on the risk actually contributed to claimant's disease, and that finding is not challenged, the Board did not err in holding Liberty responsible.

■■    Liberty also assigns error to the Board's award of an insurer paid attorney fee pursuant to ORS 656.386(1). A claimant is entitled to an insurer paid attorney fee under ORS 656.386(1) only if the employer denies the claim for compensation.[1] If the employer denies responsibility, but not compensability, it has not denied a claim for compensation. *Mercer Industries v. Rose*, 103 Or App 96, 98, 795 P2d 615 (1991), *rev den* 311 Or 150 (1991). On behalf of Multnomah,

---

[1] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

Liberty and EBI denied responsibility only.[2] Accordingly, claimant was not entitled to an insurer paid attorney fee for the responsibility hearing. *See Hunt v. Garrett Freightliners*, 92 Or App 40, 756 P2d 1275 (1988).

■ Claimant contends that he is entitled to an insurer paid attorney fee, because his attorney was instrumental in obtaining compensation. ORS 656.386(1) authorizes an award of insurer paid attorney fees "[i]f an attorney is instrumental in obtaining compensation for a claimant *and a hearing by the referee is not held * * *.*" (Emphasis supplied.) The quoted portion of ORS 656.386(1) applies to services provided before a hearing and only authorizes insurer paid attorney fees if a hearing is not held. The referee held a hearing. Accordingly, claimant is not entitled to an award based on that, or any other, provision of law.

■ Having anticipated the Board's reversal of the referee's responsibility decision, EBI asked the Board to order Liberty to reimburse it for claim costs associated with claimant's mental stress condition. The Board denied that request, because it believed that it lacked jurisdiction to order reimbursement between insurers.

In *Western Employers Ins. v. Foster*, 90 Or App 295, 752 P2d 852 (1988), we held that an insurer that provides benefits to a claimant that another insurer was actually responsible for is entitled to reimbursement of those benefits from the responsible insurer. Although in that case we upheld a Board order directing one insurer to reimburse another, we did not specifically address whether the Board had the authority to issue that directive. We resolved that issue in *EBI Companies v. Kemper Group Insurance*, 92 Or App 319, 322, 758 P2d 406, *rev den* 307 Or 145 (1988), where we held that the Board lacked jurisdiction over a reimbursement dispute, because the dispute is not a matter concerning a claim. Subsequently, we determined that the authority to order reimbursement rests in the Department of Insurance and Finance. *Liberty Northwest Ins. Corp. v. SAIF*, 99 Or App

---

[2] Claimant contends that he is entitled to insurer paid attorney fees, because Liberty denied compensability on Mt. Hood's behalf. Nevertheless, because Mt. Hood was dismissed from the proceedings, none of the insurers participating in the hearing had denied compensability. A claimant cannot bootstrap entitlement to insurer paid attorney fees on a nonparticipating insurer's denial of compensability.

729, 733, 784 P2d 123 (1989). Accordingly, the Board did not err by concluding that it lacked jurisdiction to order reimbursement.

On petition, award of attorney fees against Liberty Northwest Insurance Corporation reversed and remanded; otherwise affirmed on petition and on cross-petition.