Argued and submitted March 29, affirmed on petition and on cross-petition
April 21, 1993

In the Matter of the Compensation of
Dorothy J. Hayes, Claimant.
SAFEWAY STORES, INC.,
*Petitioner - Cross-Respondent,*

*v.*

Dorothy J. HAYES,
*Respondent - Cross-Petitioner,*
*and*

COOS CURRY MANPOWER
and SAIF Corporation,
*Respondents - Cross-Respondents.*

(88-06310, 88-08392; CA A74810)

850 P2d 405

Kenneth L. Kleinsmith, Tigard, argued the cause for petitioner - cross-respondent. With him on the brief was Meyers & Radler, Tigard.

Karsten H. Rasmussen, Eugene, argued the cause for respondent - cross-petitioner Dorothy J. Hayes. With him on the brief was Rasmussen & Henry, Eugene.

Michael O. Whitty, Assistant Attorney General, Salem, argued the cause for respondents - cross-respondents Coos Curry Manpower and SAIF Corporation. On the brief were Charles H. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Julie K. Bolt, Special Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Employer seeks review of an order of the Workers' Compensation Board on remand from our decision in *Hayes v. Coos Curry Manpower*, 107 Or App 565, 813 P2d 1065, *mod* 108 Or App 642, 815 P2d 720 (1991), contending that the Board erred in assessing an attorney fee against it under ORS 656.386(1) for services that claimant's attorney provided up to the time of Board review.

In 1980, claimant suffered a compensable occupational disease while working for SAIF's insured. In 1987, after claimant began working for employer, she experienced increased symptoms of her occupational disease, and filed an aggravation claim against SAIF. SAIF denied responsibility for the claim and sought to join employer as a party pursuant to ORS 656.307. Employer denied the claim, reserving the issue of compensability. At the hearing, employer continued to contest the compensability of the claim.

After the hearing, but before the issuance of a decision by the referee, the parties entered into a stipulation by which SAIF rescinded its denial and accepted the claim. The stipulation further provided that employer's denial "including all later amendments or clarifications shall be affirmed." The parties agreed to submit the question of attorney fees to the referee, who held that, although SAIF was responsible for the claim, employer's denial of compensability had necessitated claimant's active participation in the hearing, and claimant was therefore entitled to attorney fees under ORS 656.386(1), payable by employer. The Board reversed, reasoning that, by virtue of the stipulation upholding employer's denial, claimant had not prevailed against employer.

We affirmed the Board, relying on our original decision in *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991), where we held that no attorney fees are available under ORS 656.386(1) if "the matter of compensability is [not] resolved by the forum." After the legislature amended ORS 656.386(1) to provide for attorney fees when "an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held," we reconsidered our decision in *Jones* and also in this case, and remanded for the Board to reconsider its

decision regarding attorney fees in the light of the statutory amendment.

On remand, the Board held that, because a hearing had been held, the legislative amendment did not require a change in the disposition of the case. The Board concluded, nonetheless, that an attorney fee should be assessed against employer, because, by placing the compensability of the claim at issue, employer had made it necessary for claimant to participate meaningfully in the proceeding or risk a loss of compensation.

■ As a preliminary matter, we note that our initial decision in *Jones* expressly held that

> "an insurer-paid attorney fee is not available under ORS 656.386(1), *unless the matter of compensability is resolved by the forum, not by the withdrawal of a denial before the forum had decided the matter. If a referee has not resolved the issue of compensability, then a claimant has not 'prevailed finally in a hearing before the referee' for purposes of ORS 656. 386(1).*" 107 Or App at 82. (Emphasis supplied.)

Thus, under that decision, if a matter is resolved not by the forum but by a stipulation of the parties or a withdrawal of the denial, the provisions of ORS 656.386(1) are not applicable. The legislature partially remedied that situation by amending the statute to permit the award of attorney fees when "a hearing by the referee is not held." The legislature left a gap, however, which, under our interpretation of the statute in our first decision in *Jones*, would exclude this case from the statute's application. The question is whether the statute as amended permits the assessment of attorney fees when a hearing is held but the matter is resolved by stipulation of the parties, rather than by the forum. We conclude that, if, as it has expressly provided, the legislature intended that an attorney fee be available if a hearing is not held, it most certainly intended that an attorney fee be available if a hearing is held and the claimant prevails by reason of a stipulation or withdrawal of the denial before the referee has had the opportunity to issue an order. Accordingly, the fact that the matter was resolved after the hearing but before the issuance of an order does not create an obstacle to claimant's entitlement to assessed attorney fees in this case.

■      Employer contends that, because the stipulation expressly upheld its denial of the claim, claimant cannot be considered to have prevailed against it and, therefore, no attorney fee should be assessed. Despite the stipulation's "affirmance" of employer's denial, including its denial of the compensability of the claim, the Board read the stipulation as an acknowledgement by the parties that the claim is compensable and that SAIF is responsible for the condition. It concluded, therefore, that claimant had overcome employer's denial of the compensability of the claim. The Board's interpretation of the stipulation is a reasonable one, and we agree with it.

Employer's final contention is that, because it has not been held responsible for the claim, it should not be assessed an attorney fee. The Board said:

"It has been a longstanding Board policy to hold a carrier ultimately determined not responsible for a claimant's condition nonetheless responsible for an attorney fee under ORS 656.386(1) if that carrier denies the claim on a basis which threatens the claimant's entitlement to receive compensation and the responsible carrier denies the claim only on responsibility grounds.

"* * * * *

"By placing compensability in issue at the hearing, [employer] required claimant to establish the compensability of her claim against SAIF as an aggravation or against [employer] as a 'new injury.' In other words, the fact that one potentially responsible carrier did not contest compensability did not alter the fact that compensability remained at issue. Thus, because of [employer's] compensability denial, compensability of claimant's condition was a viable issue at hearing, notwithstanding SAIF's 'responsibility only' denial." (Citations omitted.)

The assessment of a fee against employer is not inconsistent with the language of ORS 656.386(1), which does not expressly require that the employer against whom the fee is assessed be the employer against whom the claimant has prevailed. The statute merely provides that the claimant shall be allowed a reasonable attorney fee for prevailing on the question of compensability. We have upheld the assessment of a fee against the employer or insurer who has necessitated

the claimant's participation in order to establish the compensability of the claim. *See Dennis Uniform Manufacturing v. Teresi*, 115 Or App 248, 252, 837 P2d 984 (1992), *mod* 119 Or App 447, 851 P2d 620 (1993); *SAIF v. Bates*, 94 Or App 666, 767 P2d 87 (1989). We do so again here. In view of our determination, we do not address claimant's cross-petition.

Affirmed on petition and on cross-petition.