In the Matter of the Compensation of
Karolyn K. Teresi, Claimant.

DENNIS UNIFORM MANUFACTURING
and United Pacific Insurance Company,
*Petitioners,*

*v.*

Karolyn K. TERESI,
Safeco Insurance Company,
Liberty Northwest Insurance Corporation,
and Western Employers Insurance,
*Respondents.*

(88-20424; CA A70483)

851 P2d 620

Craig A. Staples and Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland, for motion.

Roger J. Leo and Leo & Horton, Portland, *contra* for respondent Karolyn K. Teresi.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

United Pacific Insurance Company (United Pacific) seeks reconsideration of our opinion, 115 Or App 248, 837 P2d 984 (1992), in which we affirmed in part the Board's award of attorney fees against it for services performed by claimant's counsel on Board review. We allow reconsideration, ORAP 9.15(6), modify our opinion and adhere to it as modified.

This claim involves many insurance companies. Western Employers' Insurance (Western) is the only one that denied the compensability of the claim. The referee found that the claim is compensable and then applied the last injurious exposure rule to find that Wausau Underwriters (Wausau), not a party to this proceeding and against whom a claim has not been filed, is responsible. Under that determination, claimant's compensable claim was effectively made noncompensable because she could not collect benefits from a non-party. Claimant appealed to the Board, seeking a determination that United Pacific is the responsible insurer. The Board agreed with claimant. The Board held that United Pacific had an obligation to join Wausau. United Pacific's failure to fulfill that obligation prevented it from avoiding responsibility for the claim.

In resolving the attorney fee issue, the Board observed that, because Wausau was a non-party, the referee had not remanded the case to the responsible insurer for processing. The Board reasoned that under that posture, claimant had not finally prevailed at the hearing level on her claim for compensation because the compensability issue in effect remained open. The Board remanded the claim to United Pacific for processing according to law and awarded claimant attorney fees under ORS 656.386(1)[1] for having finally prevailed before the Board on the question of the compensability of the claim, to be paid by United Pacific, for services at the hearing and Board levels.

---

[1] ORS 656.386(1) provides, in part:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney."

United Pacific sought review in this court, contending that it should not have been held responsible for the claim and that attorney fees should not have been assessed against it. In our original opinion, we affirmed the Board on the question of responsibility, but held that Western should pay claimant's attorney fees for services before the referee, because only Western had contested the compensability of the claim and because that issue had been resolved favorably to claimant at the hearing level. On reconsideration, we affirm the Board on the issue of attorney fees at the referee level against United Pacific for the reasons that the Board provided.

Claimant appealed to the Board to obtain effective compensation for her nominally compensable claim. She was successful at the Board level in establishing that United Pacific is responsible, thereby securing compensation that would otherwise not have been available. It is true that United Pacific technically sought review of the Board's order in this court only on the question of responsibility. However, under the unusual facts of this case, the petition once again brought to issue claimant's entitlement to effective compensation because of the absence of a potentially responsible insurer, Wausau.[2] If we had reversed the Board and had held, like the referee, that Wausau, not United Pacific, was responsible for the claim, claimant once again would have been effectively barred from obtaining compensation. In that sense, United Pacific's petition to this court, which sought to have us find Wausau responsible, placed claimant's award of compensation at risk. We affirmed the Board's decision with respect to those issues. Accordingly, claimant is entitled to an award of attorney fees under ORS 656.382(2)[3] for services

---

[2] *Multnomah County School Dist. v. Tigner*, 113 Or App 405, 833 P2d 1294 (1992), is distinguishable. There, the claimant and the insurers for the two employers stipulated that one of the employers, the only party to have denied the compensability of the claim, should be dismissed from the proceeding and that the only issue was responsibility as between the two insurers for the other employer. We held that, if an employer denies responsibility but not compensability, it has not denied a claim for compensation, and no fees are available under ORS 656.386(1). Here, although United Pacific had denied only its responsibility for the claim, claimant's entitlement to compensation was at issue before the Board, because of United Pacific's assertion and the possibility that the Board might have determined that a non-party insurer was responsible.

[3] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an

performed at each level of review, payable by United Pacific. *See Shoulders v. SAIF*, 300 Or 606, 609-10, 716 P2d 751 (1986).

Reconsideration allowed; opinion modified and adhered to as modified; affirmed.

---

employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."