Argued and submitted March 14, reversed and remanded for reconsideration November 2, 1994

In the Matter of the Compensation of
George L. Gates, Claimant.

George L. GATES,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION,
Mt. Angel Abbey, Pioneer Market
and United Employers Insurance,
*Respondents.*

(WCB 92-07879, 92-01524; CA A80785)

883 P2d 1339

Robert G. Dolton argued the cause and filed the brief for petitioner.

James D. McVittie argued the cause and filed the brief for respondents Liberty Northwest Insurance Corporation and Mt. Angel Abbey.

No appearance for respondents Pioneer Market and United Employers Insurance.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Claimant seeks review of the Board's order denying his request for an insurer-paid attorney fee under ORS 656.386(1). He argues that because his attorney was instrumental in obtaining compensation for him, he is entitled to an insurer-paid attorney fee. We reverse and remand.

Claimant injured his low back while working for Mt. Angel Abbey and Seminary in October, 1987. He was awarded 31 percent unscheduled permanent partial disability as a result of the injury. In September, 1991, while working for Pioneer Market, he again injured his back. He filed claims with both employers. Both Mt. Angel Abbey and Pioneer Market denied responsibility and compensability. A hearing was held on the denials on September 9, 1992. At the beginning of the hearing, both employers withdrew their compensability denials. The hearing then continued to determine responsibility. The referee held that the condition was compensable, but concluded that claimant did not sustain a new injury. Accordingly, Mt. Angel Abbey's denial was set aside.

The referee, however, did not award claimant attorney fees because he concluded that the sole issue in the case was responsibility. Claimant filed a motion for reconsideration requesting an award of attorney fees. The referee again denied attorney fees based on his conclusion that compensability was not an issue at hearing and that, therefore, under the language of ORS 656.386(1) and our decision in *Multnomah County School Dist. v. Tigner*, 113 Or App 405, 833 P2d 1294 (1992), fees could not be awarded. Claimant sought Board review of the denial of attorney fees, and the Board affirmed.

Claimant assigns error to the Board's conclusion that it lacked authority to award attorney fees under ORS 656.386(1) under these circumstances. ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself,

then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

Mt. Angel Abbey first argues that this court lacks "jurisdiction" to consider the issue of attorney fees, because claimant failed to raise the issue before the referee. However, even if employer were correct that the issue was not raised, this is an issue of preservation and would not deprive this court of jurisdiction. In any event, claimant raised the issue on reconsideration before the referee and, on *de novo* review, the Board chose to address the issue. Because our review is of the Board's order that decided the issue, the question is properly before this court.

We begin our analysis with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The question here is whether attorney fees are authorized in these circumstances by the language of ORS 656.386(1). After considering the text and context, however, we are unable to discern the intent of the legislature as to how the statute applies in these circumstances. One provision of the statute that might be applicable here reads: "If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed." If this provision is read to refer to a hearing on *compensability* not being held, then attorney fees would be authorized by this provision. However, whether the legislature intended that meaning is not clear from the language used.

Another provision of ORS 656.386(1) that might authorize attorney fees here, even if we do not conclude that a "hearing" means a hearing on compensability, provides that when compensation is denied and "the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee." If the phrase "prevails finally at the hearing" includes a situation where the issue of compensability is not resolved by the referee, but the claimant otherwise prevails at hearing, then attorney fees would be authorized under these

circumstances. Again, the text and context do not clearly indicate the legislature's intent on this question.

Because the legislative intent is not clear from the text and context of the statute, we need to consider the legislative history of the statute. *PGE v. Bureau of Labor and Industries, supra.* In *Safeway Stores, Inc. v. Hayes*, 119 Or App 319, 850 P2d 405 (1993), in deciding a question somewhat similar to the one presented here, we reviewed the legislative history of the pertinent language of this statute. In that case, compensation was denied, and a hearing on the issue was held. After the hearing, but before the issuance of a decision by the referee, the parties entered into a stipulation by which the insurer rescinded its denial and accepted the claim. The Board refused to award attorney fees under ORS 656.386(1), because it concluded that the claimant had not prevailed at hearing against the insurer. Initially, we affirmed the Board's decision based on our holding in *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991), in which we held that attorney fees are not authorized by ORS 656.386(1) if the matter of compensability is not resolved by the forum. *Hayes v. Coos Curry Manpower*, 107 Or App 565, 813 P2d 1065 (1991) (*Hayes I*). However, after the legislature amended the statute to authorize attorney fees when "an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held," we reconsidered our decision in *Jones* and allowed an award of attorney fees. In view of that legislative change, we also reconsidered our decision in *Hayes I, supra,* and remanded that case for the Board's reconsideration. *Hayes v. Coos Curry Manpower*, 108 Or App 642, 815 P2d 720 (1991) (*Hayes II*). On remand, the Board concluded, however, that because a hearing was held, the circumstances there did not technically come within the amended language of the statute. The Board concluded, nonetheless, that because the employer placed the compensability of the claim at issue, making it necessary for the claimant to participate in the hearing, an attorney fee should be assessed.

On review of the Board's decision on reconsideration, in *Safeway Stores, Inc. v. Hayes, supra,* we discussed the legislature's intent in amending the statute. We concluded:

"The legislature left a gap, however, which, under our interpretation of the statute in our first decision in *Jones*, would exclude this case from the statute's application. The question is whether the statute as amended permits the assessment of attorney fees when a hearing is held but the matter is resolved by stipulation of the parties, rather than by the forum. We conclude that, if, as it has expressly provided, the legislature intended that an attorney fee be available if a hearing is not held, it most certainly intended that an attorney fee be available if a hearing is held and the claimant prevails by reason of a stipulation or withdrawal of the denial before the referee has had the opportunity to issue an order. Accordingly, the fact that the matter was resolved after the hearing but before the issuance of an order does not create an obstacle to claimant's entitlement to assessed attorney fees in this case." *Safeway Stores, Inc. v. Hayes, supra*, 119 Or App at 322.

Similarly, we conclude, based on the legislative history, that the legislature intended to authorize fees in the circumstances in this case. We believe that when the legislature authorized fees in circumstances where an attorney is instrumental in obtaining compensation for a claimant and a hearing is not held, it meant that a hearing on *compensability* is not held. If, as occurred here, an insurer withdraws its denial of compensability before a hearing on that issue begins and the attorney was instrumental in obtaining that withdrawal, attorney fees are authorized under that portion of ORS 656.386(1). *See SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994).

Employer relies on our decision in *Multnomah County School Dist. v. Tigner, supra*. That case also involved facts somewhat similar to this case. Compensability was denied by one insurer and, therefore, a hearing on the issue was scheduled. However, by the time that the hearing was held, the insurer who had denied compensability had been dismissed from the proceedings. The claimant argued that he was entitled to an award of attorney fees under ORS 656.386(1). We concluded that attorney fees were not authorized for two reasons. First, we held that because none of the insurers who were parties in the proceeding at the time of the hearing had denied the claim, attorney fees were not available under ORS 656.386(1). We explained that fees are authorized by that statute only in cases where compensation has been

denied. That holding alone was dispositive of the attorney fees issue. However, we went on to also hold that fees were not authorized by ORS 656.386(1) because, even if the attorney for claimant was instrumental in obtaining an award of compensation, a hearing was held. Therefore, we reasoned, technically, the circumstances did not come within the language of the statute. That discussion, however, was *dicta*. In view of our conclusion in this case, we now disapprove that language.

For the reasons discussed above, we hold that the Board erred in concluding that it lacked authority to award attorney fees under ORS 656.386(1) and remand to the Board to reconsider the attorney fees award.

Reversed and remanded for reconsideration.